UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS,<br>    Plaintiff<br><br>    v.<br><br>THOMAS J. QUINN et al.,<br>    Defendant | )<br>)<br>)<br>)  C.A. No. 87-02828-MLW<br>)  C.A. No. 87-2579-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                              August 22, 2016

This case was brought in 1987 by plaintiff Philips Medical Systems' ("Philips") corporate predecessor, Picker International Corporation ("Picker"), against defendants Thomas J. Quinn and Imaging Equipment Services, Inc. ("Imaging"). Plaintiff alleged misappropriation of trade secrets and copyright infringement related to Picker's computer tomography scanners ("CT scanners").

After a non-jury trial, on July 5, 1995, this court issued a detailed Memorandum and Order which held, in part, that:

> Quinn and Imaging have for more than a decade engaged in a relentless and extensive campaign to misappropriate Picker's legally protected intellectual property. The court also finds that defendants' misconduct continued through trial in the form of testimony fabricated by Quinn.

Picker Int'l Corp. v. Imaging Equip. Servs., Inc. and Thomas J. Quinn, 931 F. Supp. 18, 22 (D. Mass. 1995), aff'd 94 F.3d 640 (1st Cir. 1996). Therefore, the court enjoined Quinn and Imaging from possessing specified Picker proprietary materials. It also

ordered that defendants destroy such materials in their possession or return them to Picker. Id. at 47-48.

Judgment for Picker was entered on October 27, 1995. Quinn appealed. The Court of Appeals for the First Circuit affirmed this court's decision in 1996. See 94 F.3d 640.

Seven years later, on March 10, 2003, Quinn filed a motion asking the court to vacate and remove all orders issued in this case and for a wide range of other relief. In a March 6, 2004 Memorandum and Order, the court denied Quinn's motion and enjoined Quinn from making future filings challenging the validity and effect of the October 27, 1995 judgment against him in this case without obtaining prior approval from this court. That decision was based on Quinn's "vexatious, malicious . . . inappropriate . . . and legally frivolous" conduct. See Mar. 6, 2004 Mem. & Order at 13-14. The March 6, 2004 decision was affirmed on appeal on January 11, 2005. See Judgement, Philips Medical Sys, Inc. v. Quinn, No. 04-1495 (1st Cir. Jan. 11, 2005).

Beginning on January 1, 2011, Quinn began filing motions seeking permission to file motions that challenged the judgment against him. On September 21, 2011, the court denied Quinn's motions for the reasons stated in the March 6, 2004 Memorandum and Order and reminded Quinn that he remained subject to that decision, as well as to the requirements of Federal Rule of Civil Procedure

11. Quinn again appealed. On September 13, 2013, the First Circuit summarily affirmed, finding:

> [Quinn] has had ample opportunity to fully litigate his claims. In the eighteen years since [Quinn] was found liable in a bench trial, he has repeatedly attempted to introduce new evidence and new legal theories and otherwise vacate the judgment against him. These efforts were and are untimely under Fed. R. Civ. P. 60(b)(1)-(3), and cannot meet the high standard required by Rule 60(b)(6).

Judgment, Philips Medical Sys, Inc. v. Quinn, No. 11-2306 (1st Cir. Jan. 11, 2005)

Between November 12, 2015 and December 10, 2015, Quinn filed three additional motions: (1) Motion Asking Permission to File A Motion to Compel; (2) Motion for Leave to File Response to Philips Response; and (3) Motion for Leave to File Amended Complaint. Quinn's motions seek an order compelling Philips to provide Quinn with information relating to one of Philips' CT scanners.

Philips opposed Quinn's Motion for Leave to File Motion to Compel Disclosure. See Philips' Opp. to Mot. for Leave to File Motion to Compel. It requests that the court modify the March 6, 2004 injunction to enjoin Quinn from making any additional filings in this or any court concerning the subject matter of this case, and from contacting Philips or any government agency concerning the subject matter of it. See id. at 5. In addition, Philips asks the court to order Quinn to pay Philip's attorney's fees incurred in responding to Quinn's motion. See id. at 4-6. Philips

also filed oppositions to Quinn's other motions, reiterating its request for a modified injunction and attorney's fees in each. See Philips' Opp. to Mot. for Leave to File A Reply at 1-2; Philips' Opp. to Mot. for Leave to File An Amended Complaint at 2; Philips' Opp. to Defendant's Motion to Compel at 1.

For the reasons stated in the March 6, 2004 Memorandum and Order and the First Circuit's September 13, 2013 decision, the Motion for Leave to File Motion to Compel Disclosure and Motion for Leave to File Amended Complaint are each being denied. In addition, the court is broadening the March 6, 2004 injunction to bar Quinn from asking the court for permission to raise any issues relating to the transactions or occurrences that were the subject of this case.

Quinn had ample opportunity to litigate his claims at trial. For more than 20 years, he has repeatedly attempted re-litigate those issues and raise new legal theories. The First Circuit has held that "in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate." Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985), overruled on other grounds by, Stevens v. Dept. of Treasury, 500 U.S. 1 (1991). The court finds this is such a case.

More specifically, there is justification for an injunction pursuant to the All Writs Act, 28 U.S.C. §1651(a), barring Quinn from filing in this court, or any other court, any pleading seeking relief from judgment in this case or relating to the subject matter of it. See Castro, 775 F.2d at 410. This injunction is necessary to restrain Quinn from continuing to attempt to file frivolous and vexatious motions, which unfairly require Philips to spend time and money to address, and improperly impose upon limited judicial resources. The injunction being issued is: "tailored to fit that vice. It does not preclude access to the courts concerning other types of matters." Id.[1]

In its request for relief, Philips also seeks an award of attorney's fees and expenses relating to the pending motions, evidently pursuant to Federal Rule of Civil Procedure 11. There may be ample justification for such as sanction. However, Federal Rule of Civil Procedure 11(c)(2) requires that "[a] motion for sanctions must be made separately from any other motion . . ." As such a motion has not been filed, Philips request for sanctions is being denied without prejudice.

---

[1] Philips also asks the court to enjoin Quinn from communicating with any governmental agency concerning the subject matter of this case. However, it does not cite any authority for the court's power to do so. Accordingly, this request is not now being granted. However, this is without prejudice to Philips right to seek such relief in the future if it believes there is a proper factual and legal basis to do so.

In view of the foregoing, it is hereby ORDERED that:

1. The Motion Asking Permission to File A Motion to Compel (Docket No. 605) and Motion for Leave to File Amended Complaint (Docket No. 611) are DENIED.

2. The Motion for Leave to File Response to Philips Response (Docket No. 610) is ALLOWED.

3. Thomas Quinn, Imaging Equipment Services, Inc, their agents, and those persons in active concert or participation with either of them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined from filing or otherwise submitting, in this court or any other court, any pleading or other document seeking relief from the judgment in this case, asserting any claim, or requesting any other relief from this court or any other court, arising from or relating to the transactions or occurrences that were the subject of this case.

4. Philips' requests for attorney's fees is DENIED without prejudice.

/s/ Charles P. Kelly
UNITED STATES DISTRICT JUDGE