UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC.,<br>    Plaintiff,<br><br>v.<br><br>THOMAS J. QUINN,<br>    Defendant. | Civ. Nos. 87-02828-MLW<br>           89-02508-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                                 June 27, 2025

On August 22, 2016, this court entered an Order permanently enjoining defendant Thomas J. Quinn from "filing or otherwise submitting in this court or any other court, any pleading or other document seeking relief from the judgment in this case, asserting any claim, or requesting any other relief from this court or any other court, arising from or relating to the transactions or occurrences that were the subject of this case." Dkt. No. 621 at 6 (The "2016 Order"). Plaintiff Phillips Medical Systems Cleveland, Inc. ("Phillips") has filed a motion requesting that the court find Quinn in civil and/or criminal contempt for alleged violations of the 2016 Order and similar Orders issued in 2004 (Dkt. No. 564 at 14), and 2011 (Dkt. No. 586). See Dkt. No. 640 (the "Motion"). Phillips filed a memorandum in support of the Motion describing alleged violations of the 2016 Order in 2019 and 2024 (Dkt. No. 641), and related exhibits (Dkt. No. 641-1).

Quinn, pro se, has filed an opposition to the Motion (Dkt. No. 646). Quinn has also filed a motion for damages and other relief (Dkt. No. 647), which Phillips opposed (Dkt. No. 648).

In the memorandum in support of the Motion Phillips argues for unspecified "severe sanctions," which discusses them in the context of cases concerning civil contempt. Dkt. No. 641 at 10. Phillips does not discuss whether criminal contempt proceedings should be instituted. Id. However, civil and criminal contempt serve different purposes. See United States v. Marquardo, 149 F.3d 36, 39 (1st Cir. 1998). "The purpose of civil contempt is to coerce compliance with an order of the court." Id. (emphasis in original). "Criminal contempt, on the other hand, is used to punish disobedience with a judicial order and thus vindicates the authority of the court." Id. (emphasis in original).

"An individual who refuses obedience to a valid order is subject to both civil and criminal contempt for the same acts." United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1982) (citing Yates v. United States, 355 U.S. 66, 74 (1957)). The evidence provided by Phillips raises the question of whether it would be appropriate for the court to initiate criminal contempt proceedings instead of, or in addition to, civil contempt proceedings because an order seeking to compel Quinn to obey the

2

2016 Order, and/or the 2004 and 2011 Orders, might be futile. <u>See Shillitani v. United States</u>, 384 U.S. 364, 370 n.9 (1906).

In view of the foregoing, it is hereby ORDERED that:

1. The parties shall, by July 18, 2025, supplement their submissions concerning the Motion by addressing the question of what the remedy should be if Quinn is held in civil contempt and, in any event, whether the court should now initiate criminal contempt proceedings against Quinn pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42.

2. Any replies shall be filed by July 30, 2025.

3. A hearing on the pending motions and to address whether criminal contempt proceedings should now be initiated against Quinn shall be held on August 19, 2025, at 10:30 a.m., in the John J. Moakley Courthouse, Boston, MA, and, if necessary, continue from day to day until concluded.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE