UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIPS    MEDICAL    SYSTEMS    )
(CLEVELAND), INC.,                )
      Plaintiff,                )
                                  )
      v.                        )    Civ. Nos. 87-02828-MLW
                                  )              89-02508-MLW
THOMAS J. QUINN,                  )
      Defendant.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                        August 11, 2025

The history of this case which began in 1987 is summarized in this court's August 22, 2016 Memorandum and Order prohibiting defendant Thomas J. Quinn from "filing or otherwise submitting in this court or any other court, any pleading or other document seeking relief from the judgment in this case, asserting any claim, or requesting any other relief from this court or any other court, arising from or relating to the transactions or occurrences that were the subject of this case." Dkt. No. 621 at ¶ 3.

Plaintiff Philips Medical Systems (Cleveland), Inc. ("Philips") has moved to have Quinn held in contempt for violating that Order. See Dkt. Nos. 640, 641. On June 27, 2025, the court issued a Memorandum and Order scheduling a hearing on August 19, 2025 to determine whether Quinn should be held in civil and/or criminal contempt. See Dkt. No. 659.

On July 8, 2025, Quinn filed in this court a request for my recusal. See Dkt. No. 664. On July 16, 2025, he filed another

request for my recusal in the Court of Appeals for the First Circuit, which sent it to the District Court to be docketed. See Dkt. No. 667. These two motions are being addressed together as the "Motion."[1]

The Motion is not meritorious.[2] Quinn does not allege, let alone provide any evidence of facts that would require the court's recusal for actual bias or prejudice under 28 U.S.C. §455(b)(1)-(5). Rather, in his unverified pleading, Quinn complains that "[t]hrough this court's orders and findings, this court has built a record of a false narrative to protect Philips and this court." Dkt. No. 664 at 3. However, as explained in the August 22, 2016 Memorandum and Order, the First Circuit affirmed this court's findings after a non-jury trial that:

> Quinn and [his company] Imaging have for more than a decade engaged in a relentless and extensive campaign to misappropriate Picker's legally protected intellectual property. The court also finds that defendants' misconduct continued through trial in the form of a testimony fabricated by Quinn.

---

[1] Because the court has an obligation to recuse sua sponte if 28 U.S.C. §455 requires disqualification, the court is deciding the Motion despite the August 22, 2016 Order prohibiting Quinn from filing motions.

[2] The court notes that the Motion could be denied because Quinn did not file either a memorandum of law or affidavit in support of the Motion as required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts. Nevertheless, the court is deciding it on the merits.

Picker Int'l Corp v. Imaging Equip. Servs., Inc. and Thomas J. Quinn, 931 F. Supp. 18, 22 (D. Mass. 1995), aff'd 94 F.3d 640 (1st Cir. 1996).

Similarly, after this court in 2004 denied Quinn's motion to re-open this case and enjoined him from making future filings without leave of court (Dkt. No. 564) the First Circuit rejected Quinn's appeal of that decision, finding that:

> [Quinn] has had ample opportunity to fully litigate his claims. In the eighteen years since [Quinn] was found liable in a bench trial, he has repeatedly attempted to introduce new evidence and new legal theories and otherwise vacate the judgments against him. These efforts were and are untimely under Fed. R. Civ. P. 60(b)(1)-(3), and cannot meet the high standard required by rule 60(b)(6).

Judgment, Philips Medical Sys, Inc. v. Quinn, No. 11-2306 (1st Cir. Jan. 11, 2005).

Quinn's conclusory contentions, unsupported by any evidence, are insufficient to establish the actual personal bias or prejudice necessary to justify recusal under §455(b)(1). See In re United States, 158 F.3d 26, 58 (1st Cir. 1998) ("A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim the judge must disqualify . . . .").

Nor are Quinn's contentions sufficient to satisfy the lower standard of 28 U.S.C. §455(a), which requires recusal if a reasonable person might question the judge's impartiality. The jurisprudence concerning §455(a) is described in in this court's

3

decision in <u>United States v. Sampson</u>, 148 F. Supp. 3d. 75, 85-88

(D. Mass. 2015). As the court noted in <u>Sampson</u>, 148 F. Supp. 3d at

79:

> [Section] 455(a) is triggered by an attitude or state of
> mind so resistant to fair and dispassionate inquiry as
> to cause a party, the public, or a reviewing court to
> have reasonable grounds to question the neutral and
> objective character of a judge's rulings or findings. I
> think all would agree that a high threshold is required
> to satisfy that standard. Thus, under §455(a), a judge
> should be disqualified only if it appears that he or she
> harbors an aversion, hostility, or disposition of a kind
> that a fair-minded person could not set aside when
> judging the dispute.

(quoting <u>In re United States</u>, 158 F.3d at 34, quoting <u>Liteky v.</u>

<u>United States</u>, 510 U.S. 540, 557-58 (1994) (Kennedy, J.,

concurring)).

In this case, a reasonable person would know that this court's

decisions in this case have been repeatedly found to be legally

correct rather than infected by bias against Quinn. Therefore,

recusal is not required. Indeed, it is not permitted in the

circumstances of this case. <u>See</u>, <u>e.g.</u>, <u>United States v. Snyder</u>,

235 F.3d 42, 45 (1st Cir. 2000) ("§455(a) should not be used by

judges to avoid sitting on difficult or controversial cases").

This conclusion is not altered by the fact that Quinn has

made disparaging remarks about this court. <u>See</u>, <u>e.g.</u>, <u>F.D.I.C. v.</u>

<u>Sweeney</u>, 136 F.3d 216, 220 (1st Cir. 1998). Allowing a litigant to

prompt disqualification of an impartial judge by insulting him or

her would be inconsistent with "the need to prevent parties from

4

too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." <u>In re Allied Signal, Inc.</u>, 891 F.2d 967, 970. (1st Cir. 1989); <u>see also</u> <u>In re Bulger</u>, 710 F.3d 42, 47 (1st Cir. 2013); <u>In re United States</u>, 158 F.3d at 35.

Therefore, in view of the foregoing, Quinn's requests for this court's recusal (Dkt. Nos. 664, 667) are hereby DENIED.

UNITED STATES DISTRICT JUDGE