UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., <br> Plaintiff, <br><br> v. <br><br> THOMAS J. QUINN, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civ. Nos. 87-02828-MLW <br> 89-02508-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                August 12, 2025

The history of this case, which includes repeated unmeritorious vexatious submissions by defendant Thomas J. Quinn, is summarized in this court's August 22, 2016 Memorandum and Order. See Dkt. No. 621; see also Dkt. No. 564 at 13-14. That Order prohibited Quinn from "filing or otherwise submitting in this court or any other court, any pleading or other document seeking relief from the judgment in this case, asserting any claim, or requesting any other relief from this court or any other court, arising from or relating to the transactions or occurrences that were the subject of this case." Dkt. No. 621 ¶ 3.[1]

Plaintiff Philips Medical Systems (Cleveland), Inc. ("Philips") has moved to have Quinn held in contempt for violating that Order (the "Contempt Motion"). See Dkt. Nos. 640, 641. On

---

[1] The August 22, 2026 Order superseded an earlier March 6, 2004 Memorandum and Order that prohibited Quinn from "making future filings challenging the validity or effect of the judgment in this case" "without the prior approval of this court." Dkt. No. 564 at 14, 17.

June 27, 2025, the court issued an Order concerning the Contempt Motion. See Dkt. No. 659. Both before and after that Order, Quinn filed several motions and requests. For the reasons stated below, Quinn's motions are being denied to the extent that they seek affirmative relief or go beyond addressing the issues raised by Philips' Contempt Motion and the June 27, 2025 Order.

Philips' Contempt Motion did not re-open this civil case or provide an opportunity to relitigate issues that have already been finally decided. See Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 452-53 (1932). Nevertheless, in his motions, Quinn again seeks to relitigate issues previously decided. He has, therefore, violated the August 22, 2016 Order. This contributes to the decision to deny his motions to the extent they are not relevant to the merits of the Contempt Motion or responsive to the June 27, 2025 Order.

Most significantly, Quinn's motions are not meritorious. A theme of Quinn's filings is that Philips has committed violations of the Food, Drug, and Cosmetics Act ("FDCA"). As Philips points out in its Opposition (Dkt. No. 669 at 2), there is no private right of action to enforce the FDCA. "Only the FDA may enforce the FDCA." DiCroce v. McNeil Nutritionals, LLC, 82 F.4th 35, 40 (1st Cir. 2023) (citing 21 U.S.C. § 337(a), Plourde v. Sorin Grp. USA, Inc., 23 F.4th 29, 33 (1st Cir. 2022)).

2

In view of the foregoing, and to the extent the following filings seek affirmative relief or go beyond addressing the issues raised by Philips' Contempt Motion or the June 27, 2025 Order, it is hereby ORDERED that:

1. Quinn's Reply Motion in the Matter of Contempt for Violating Court Orders (Dkt. No. 646), is DENIED.

2. Quinn's Motion for Damages and Other Relief (Dkt. No. 647) is DENIED.

3. Quinn's Request to File 9B Motion for Fraud (Dkt. No. 654) is DENIED.

4. Quinn's Motion to File Bar Complaints Against Philips' Current Attorneys (Dkt. No. 655) is DENIED without prejudice to possible reconsideration at the August 19, 2025 hearing.

5. Quinn's Request for Fees and Punitive Sanctions for Responding to the 6/27/2025 Order Request for Fees (ECF 663) is DENIED.

6. Quinn's 401 Motion for Criminal Contempt Against Mr. Roy Jakobs, 1 to 25,000 Unknown Philips Employees, Mr. Carla Wirtschaffer, Mr. Gerald Donovan, Mr. Scott Ford and Mr. Joel Rothman Motion for contempt (Dkt. No. 665) is DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE