UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIPS    MEDICAL    SYSTEMS )
(CLEVELAND), INC.,                          )
      Plaintiff,                            )
                              )
          v.                                     )    Civ. No. 87-02828-MLW
                              )
THOMAS J. QUINN,                       )
      Defendant.                           )

MEMORANDUM AND ORDER

WOLF, D.J.                                                    September 10, 2025

    Plaintiff    Philips    Medical    Systems    (Cleveland),    Inc.
("Philips") filed a motion to have defendant Thomas J. Quinn held
in contempt (Dkt. No. 640, 641) (the "Motion) for violating an
August 22, 2016 Order (Dkt. No. 621 ¶3) prohibiting Quinn from
"filing or otherwise submitting in this court or any other court,
any pleading or other document seeking relief from the judgment in
this case, asserting any claim, or requesting any other relief
from this court or any other court, arising from or relating to
the transactions or occurrences that were the subject of this
case." The August 22, 2016 Order broadened a March 6, 2004 Order
that prohibited Quinn from "making future filings challenging the
validity or effect of the judgment in this case" "without the prior
approval of this court." Dkt. No. 564 at 14, 17.

    Quinn opposed the Motion. See Dkt. No. 646.

On August 20, 2025, the court held a hearing on the Motion and found Philips had not proven that Quinn should be held in civil contempt. See Dkt. No. 682, 682-1.

On September 2, 2025, Quinn filed a pro se motion (Dkt. No. 685) requesting that the court vacate its August 12, 2025 Order denying Quinn's motions for damages and other relief that sought to relitigate issues he was barred from raising again by the August 12, 2025 Order and requested affirmative relief. Quinn's theory is that the August 20, 2025 hearing on Philips' Motion for Contempt was a "trial" within the meaning of Fed. R. Civ. P. 59 and that the order denying Philips' motion to find Quinn in contempt was a "judgment" that should be amended to grant him damages and other relief pursuant to Rule 59(e).

Quinn's contentions are not correct. First, his motion was filed without leave of court as required by the March 6, 2004 Order and in violation of the August 22, 2016 Order because it is a submission that seeks relief from the judgment in this case.

Second, and more significantly, as this court wrote in the August 12, 2025 Memorandum and Order, "Philips' Contempt Motion did not re-open this civil case or provide an opportunity to relitigate issues that have already been finally decided. See Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 452-53 (1932)."

Dkt. No. 675 at 2. Moreover, the August 20, 2025 hearing was not a trial within the meaning of Rule 59.

Therefore, in view of the foregoing, Quinn's Request for Reconsideration (Dkt. No. 685) is hereby DENIED.

UNITED STATES DISTRICT JUDGE